IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANTE HANDY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13 C 8795 |
| ) | |
| MICHAEL EVENS, DEREK ) | |
| JABUREK, KENNETH NUSHARDT, ) | |
| and LANEL PALMER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Dante Handy has filed an amended complaint against Stateville correctional officers Michael Evans, Derek Jaburek, Kenneth Nushardt, and Sergeant Lanel Palmer, in both their individual and official capacities. The amended complaint includes four claims. Defendants have moved to dismiss counts 3 and 4 for lack of subject matter jurisdiction, asserting a defense of sovereign immunity. For the reasons set forth below, the Court grants the motion with respect to count 4 and denies it with respect to count 3.

## Background

Handy is an inmate in the Illinois Department of Corrections who was previously incarcerated at Stateville Correctional Center. The events that give rise to Handy's complaint allegedly occurred at Stateville on May 26, 2013. Handy alleges that he was taken to a "movement office" and was strip-searched, beat, punched, kicked, and

stomped on by Evans, Jaburek and Nushardt while Palmer watched, encouraged, condoned and failed to prevent the attack. Handy says he suffered a brief loss of consciousness, swelling to his face and body, a bloody mouth, black eye, and scrapes on his knees and elbows. He alleges that he continues to suffer from severe physical pain, especially headaches, as well as severe anxiety, panic attacks, and other psychological disorders.

Handy asserts four claims against the defendants. Counts 1 and 2 are claims under 42 U.S.C. § 1983 for violations of his Eighth and Fourteenth Amendment rights. The defendants have answered these claims. Count 3 is a state law claim against Evans, Nushardt, and Jaburek for assault and battery. Count 4 is a state law claim against Palmer for negligent failure to prevent the assault and battery.

Defendants have moved to dismiss counts 3 and 4 for lack of subject matter jurisdiction. They argue that the doctrine of sovereign immunity bars these claims because they are based on duties imposed upon the defendants as a result of their employment by the State. Defendants assert that this Court lacks jurisdiction to hear counts 3 and 4 because the State of Illinois cannot be sued in federal court for a state-law tort claim.

Handy does not oppose dismissal of count 4. He argues, however, that count 3 is not barred by sovereign immunity. Specifically, he contends that the duty underlying a claim for assault and battery does not arise as a result of employment by the State but rather is a general duty imposed upon all.

## Discussion

The defendants say that their motion seeks dismissal for lack of subject matter

jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The Court disagrees. As Handy argues, sovereign immunity is "nonjurisdictional" and "does not diminish a court's subject-matter jurisdiction." *Blagojevich v. Gates,* 519 F.3d 370, 371 (7th Cir. 2008). The distinction does not matter in this instance, however, because if (as in this case) a motion to dismiss "contends that the allegations of jurisdiction are facially insufficient to show jurisdiction, then the 12(b)(1) standard of review mirrors the standard applied for 12(b)(6) motions." *Royal Towing, Inc. v. City of Harvey*, 350 F. Supp. 2d 750, 752 (N.D. Ill. 2004). For this reason, in addressing defendants' motion, the Court accepts as true the factual allegations in the complaint and draws reasonable inferences in favor of Hardy. *Wilson v. Price,* 624 F.3d 389, 391 (7th Cir.2010).

Counts 3 and 4 are brought against State employees and allege violations of state tort law. Defendants assert a defense of sovereign immunity. When presented with a state law claim against a State employee, a federal court applies state sovereign immunity law in the same way a state court would. *See Turner v. Miller,* 301 F.3d 599, 602 (7th Cir. 2002).

The Illinois Court of Claims is conferred with the exclusive jurisdiction to hear "[a]ll claims against the State for damages in cases sounding in tort." 705ILCS 505/8. Though Handy did not sue the State of Illinois by name, "[w]hether an action is in fact one against the State, and hence one that must be brought in the Court of Claims, depends not on the formal identification of the parties but rather on the issues involved and the relief sought." <u>Healy v. Vaupel</u>, 133 Ill. 2d 295, 308, 549 N.E.2d 1240, 1247 (1990). A claim that is brought against a State employee is actually a claim against the State when "'there are (1) no allegations that an agent or employee of the State acted

3

beyond the scope of his authority through wrongful acts; (2) the duty alleged to have been breached was not owed to the public generally independent of the fact of State employment; and (3) where the complained-of actions involve matters ordinarily within that employee's normal and official functions of the State.'" *Id.* (quoting *Robb v. Sutton*, 147 Ill. App. 3d 710, 715, 498 N.E.2d 267, 272 (1986)).

Count 3 does not meet any of the three parts of this test. "Battery is the unauthorized touching of another person." *Luss v. Vill. of Forest Park*, 377 Ill. App. 3d 318, 333, 878 N.E.2d 1193, 1206 (2007). "An assault is a reasonable apprehension of an imminent battery." *Rosenberg v. Packerland Packing Co.*, 55 Ill. App. 3d 959, 963, 370 N.E.2d 1235, 1238 (1977). Commission of the intentional torts of assault and battery clearly exceeds the scope of authority given to a correctional officer. No State employee has the authority to commit a legal wrong. Accepting the complaint's allegations as true, defendants are not claimed to have "intended to perform some function within the scope of [their] authority when committing the legal wrong." *Jackson v. Alverez*, 358 Ill. App. 3d 555, 560, 831 N.E.2d 1159, 1164 (2005).

Furthermore, the duty not to commit assault and battery is a general duty imposed upon all persons; it does not arise simply by virtue of the defendants' State employment. *See Cruz v. Cross,* No. 08–cv–4873, 2010 WL 3655992, at *4 (N.D. Ill. Sept. 10, 2010); *Edmonds v. Carter,* No. 97 C 7488, 2000 WL 88839, at *4 n. 5 (N.D. Ill. Jan.21, 2000). When the "duty alleged to have been breached was not owed to the public generally independent of the fact of State employment," the action is not barred by sovereign immunity. *Healy*, 133 Ill. 2d at 308, 549 N.E.2d at 1247.

Finally, it is not within a correctional officer's normal functions to beat, kick, and

4

punch a prisoner without cause. If Hardy's allegations are true, there is no basis to say that defendants used force appropriately. For these reasons, the Court concludes that count 3 is not barred by sovereign immunity.

Count 4 meets all three parts outlined in *Healy* for ascertaining whether a claim is actually one against the State. *Healy*, 133 Ill. 2d at 308, 549 N.E.2d at 1247. Handy does not allege that Palmer acted outside the scope of his authority. Rather, Handy alleges that Palmer failed to exercise the authority that he had through his employment. In addition, whatever duty Palmer had to stop fellow officers from committing an assault and battery against a prisoner arises solely by virtue of his State employment; there is no general duty imposed upon a member of the public to prevent harm to another adult. Finally, the claim against Palmer involves matters within his normal and official functions as a sergeant in a correctional facility. For these reasons, the Court concludes that count 4 is an action against the State, as Handy concedes.

## Conclusion

For the foregoing reasons, the Court grants defendants' motion to dismiss [dkt. no. 32] as to Count 4 of the amended complaint but denies the motion as to Count 3.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: December 11, 2014

5